23  165
117  678

No. 2197.—G. J MORTIMER *v.* N. H. THOMAS and BENJAMIN M. HARRELL.

In an action in damages for false imprisonment malice will be inferred, if the record shows a want of probable cause for making the arrest. The inexperience of the attorney who advised and instituted the proceedings, while it can not justify the arrest, may properly be invoked in mitigation of the damages to which his client has been subjected.

APPEAL from the Sixth District Court, parish of Orleans. *Cooley, J. Randolph, Singleton & Brown,* for plaintiff and appellee. *Race, Foster* and *E. T. Merrick,* for defendants and appellants.

WYLY, J. The defendants have appealed from a judgment against them for $1000 damages for the arrest of the plaintiff as a debt due by him to the defendant N. H. Thomas.

There is no doubt that Thomas had a good cause of action against the plaintiff, but there was an utter want of probable cause for the arrest of the latter, a citizen of Mississippi, who was not shown by the oath of his complaining creditor to have absconded from his place of residence. Acts of 1847, pages 63 and 64; Revised Statutes of 1870, sec. 87. We have no doubt that Thomas, the creditor, merely desired to collect the claim due him by the plaintiff; but the utter want of probable cause for the arrest, shown in his petition for arrest, is a sufficient ground for inferring malice. 9 R. 418; 6 An. 577; 9 An. 219.

He acted under the advice, however, of a young lawyer who instituted the proceedings, whose ignorance of the law, although not justifying the arrest, might to some extent mitigate the damages to which his client should be subjected.

After a careful consideration of the evidence and the circumstances of this case, we have concluded that $500 dollars will be adequate for the three and a half hours during which the plaintiff was under arrest before he gave·bail, and for the detention thereafter of six days at the expiration of which time the writ of arrest was set aside.

It is therefore ordered that the judgment of the court below be reduced to five hundred dollars, and, as thus amended, that it be affirmed.

It is further ordered that the appellee pay costs of the appeal.